IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

OMAR FULTON,                )
                            )   Civil Action No. 14-106
            Plaintiff,      )
                            )   Magistrate Judge Lisa Pupo Lenihan
        v.                  )
                            )   ECF No. 26
LT. JOHN CRUMB *et al*.,    )
                            )
            Defendants.

## **MEMORANDUM OPINION**

Plaintiff, Omar Fulton, is a state prisoner incarcerated at SCI-Fayette, who alleges that his constitutional rights were violated while incarcerated. *See* ECF No. 7. Defendants have filed a Motion to Dismiss Plaintiffs' Amended Complaint by arguing that he has failed to exhaust and/or grieve all of the issues presented. ECF No. 26. They state that the failure to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA) should result in a dismissal of his Amended Complaint. *Id*. This Motion was filed on July 10, 2014. On August 21, 2014, the undersigned ordered a response briefing schedule to the motion. ECF No. 28. In that schedule the Court advised that the Motion would be treated as a Motion for Summary Judgment with respect to the issue of exhaustion. *Id*. Defendants were ordered to submit discovery by September 4, 2014. *Id*. The Courts' Order detailed what discovery was to be provided to Plaintiff. *Id.* Plaintiff's Brief in Opposition to the Motion was due by October 2, 2014. *Id*. No brief or other response was filed by the Plaintiff.

## A. Exhaustion of Administrative Remedies

Among the arguments that the Defendants make in support of their Motion is that Plaintiff did not properly exhaust his administrative remedies prior to filing suit as he was required to do pursuant to the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Through the PLRA, Congress amended 42 U.S.C. § 1997e(a) to prohibit prisoners from bringing an action with respect to prison conditions pursuant to 42 U.S.C. § 1983 or any other federal law, until such administrative remedies as are available are exhausted. Specifically, the act provides in pertinent part as follows:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion is required under this provision regardless of the type of relief sought and the type of relief available through administrative procedures. *See* Booth v. Churner, 532 U.S. 731, 741 (2001). In addition, the exhaustion requirement applies to all claims relating to prison life that do not implicate the duration of the prisoner's sentence, including those that involve general circumstances as well as particular episodes. *See* Porter v. Nussle, 524 U.S. 516, 532 (2002).

The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjunctive system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seek[] to 'affor[d] corrections

officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" Id. at 93 (quoting Porter, 534 U.S. at 525). Courts have concluded that inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating claims in federal courts. *See*, *e.g.*, Booth v. Churner, 206 F.3d 289 (3d Cir. 2000); Bolla v. Strickland, 304 F. App'x 22 (3d Cir. 2008); Jetter v. Beard, 183 F. App'x 178 (3d Cir. 2006).

This broad rule favoring full exhaustion has one, narrowly defined exception. If the actions of prison officials directly caused the inmate's procedural default on a grievance, the inmate will not be held to strict compliance with this exhaustion requirement. *See* Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000) (Section 1997e(a) only requires that prisoners exhaust such administrative remedies "as are available"). However, case law recognizes a clear "reluctance to invoke equitable reasons to excuse [an inmate's] failure to exhaust as the statute requires." Davis v. Warman, 49 F. App'x 365, 368 (3d Cir. 2002). Thus, an inmate's failure to exhaust will only be excused "under certain limited circumstances," Harris v. Armstrong, 149 F. App'x 58, 59 (3d Cir. 2005), and an inmate can defeat a claim of failure to exhaust only by showing that "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." Davis, 49 F. App'x at 368; *see also* Brown v. Croak, 312 F.3d 109, 110 (3d Cir. 2002) (assuming that prisoner with failure to protect claim is entitled to rely on instruction by prison officials to wait for outcome of internal security investigation before filing grievance); Camp, 219 F.3d at 281 (exhaustion requirement met where Office of Professional Responsibility fully examined merits of excessive force claim and correctional officers impeded filing of grievance).

In the absence of competent proof that an inmate was misled by corrections officials, or some other extraordinary circumstances, inmate requests to excuse a failure to exhaust are frequently rebuffed by the courts. Thus, an inmate cannot excuse a failure to timely comply with these grievance procedures by simply claiming that his efforts constituted "substantial compliance" with this statutory exhaustion requirement. Harris, 149 F. App'x at 59. Nor can an inmate avoid this exhaustion requirement by alleging that the prison's policies were not clearly explained to him. Davis, 49 F. App'x at 368. Thus, an inmate's confusion regarding the grievance procedures does not, standing alone, excuse a failure to exhaust. Casey v. Smith, 71 F. App'x 916 (3d Cir. 2003). Moreover, an inmate cannot cite to alleged staff impediments to grieving a matter as grounds for excusing a failure to exhaust, if it also appears that the prisoner did not pursue a proper grievance once those impediments were removed. Oliver v. Moore, 145 F. App'x 731 (3d Cir. 2005) (failure to exhaust not excused if, after staff allegedly ceased efforts to impede grievance, prisoner failed to follow through on grievance).

**B. Discussion**

In the case *sub judice*, Defendants provided a description as well as copies of all grievances "that could conceivably relate to the claims raised in Plaintiff's Amended Complaint." ECF No. 27, p.5. Defendants argue that Plaintiff did not grieve 2 out of the 5 issues that he raises in this lawsuit and he never appealed any of his grievances to final review. They further argue there was nothing to prevent Plaintiff from appealing his grievances and properly exhausting his administrative remedies.[1] Defendants also provided a Declaration made by Rhonda House. Ms. House is the grievance coordinator at the Pennsylvania Dep't of

---

[1] Defendants also make arguments in the alternative which will not be reached by the Court as the Motion is being decided on the preliminary issue of exhaustion.

Corrections. Her Declaration confirms that Plaintiff did not exhaust any of the grievances he filed and further confirms that there was nothing preventing him from appealing, and therefore exhausting, his administrative remedies. ECF No. 27-1.

### C. Conclusion

Plaintiff has filed no response to the converted Summary Judgment Motion. Therefore, based upon the documentation provided as well as the declaration of Rhonda House, the Court concludes that Plaintiff has not exhausted his administrative remedies as required by law in the Motion for Summary Judgment based upon failure to exhaust must be granted. An appropriate order will issue.

Dated: January 26, 2015

Lisa Pupo Lenihan
United States Magistrate Judge

cc: **OMAR FULTON**
KN0292
PO Box 200
Camp Hill, PA 17001

Counsel of Record